UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re: BB ISLAND CAPITAL, LLC, | ) | Civil Action No. 15-13963-GAO |
| Debtor. | ) |  |
|  | ) |  |
| BB ISLAND CAPITAL, LLC, | ) | (Chapter 11 Case No. 15-13105-JNF) |
| Appellant, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| EAST BOSTON SAVINGS BANK, | ) |  |
| Appellee. | ) |  |
|  | ) |  |

OPINION AND ORDER
December 11, 2015

O'TOOLE, D.J.

BB Island Capital, LLC ("BB Island"), the debtor-appellant, filed for Chapter 11 bankruptcy on August 4, 2015, triggering an automatic stay under 11 U.S.C. § 362. East Boston Savings Bank ("EBSB"), the appellee, is a secured creditor of BB Island. EBSB moved for an order lifting the automatic stay so that it could pursue mortgage foreclosure proceedings against four properties in Boston pledged by BB Island as security for loans granted by the bank. Following two non-evidentiary hearings, the bankruptcy judge granted EBSB's request for relief from the automatic stay on November 5, 2015, and denied BB Island's motion to reconsider on November 24 (the "November 5 Order" and the "November 24 Order," respectively). BB Island has appealed those decisions to this Court. After reviewing the relevant filings below and the briefing of both parties here, and after hearing oral argument on the matter, I affirm the bankruptcy court's orders.

A bankruptcy court's decision whether to grant relief from an automatic stay is reviewed only for abuse of discretion. Mercado v. Combined Invs., LLC (In re Mercado), 523 B.R. 755, 761 (B.A.P. 1st Cir. 2015). An abuse of discretion occurs when a court makes an error of law or "relies upon an improper factor, neglects a factor entitled to substantial weight, or considers the correct mix of factors but makes a clear error of judgment in weighing them." Bacardí Int'l Ltd. v. Suárez & Co., 719 F.3d 1, 9 (1st Cir. 2013) (quoting Matamoros v. Starbucks Corp., 699 F.3d 129, 138 (1st Cir. 2012)). Here, the stay was lifted pursuant to 11 U.S.C. § 362(d)(2), under which a bankruptcy court "shall grant relief" from an automatic stay of an action against property if "(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization."

Proceedings to lift an automatic stay in bankruptcy court are "summary" in nature, "speedy and necessarily cursory," similar to a preliminary injunction hearing. See Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 33 (1st Cir. 1994). The bankruptcy court "should seek only to determine whether the party seeking relief has colorable claim to estate property," not "the merits of the underlying substantive claims, defenses, or counterclaims." Id.

EBSB has three mortgages on BB Island's properties. Using facts taken from BB Island's own filings, the bankruptcy judge calculated that BB Island's debts were greater than the value of the collateral placed against those debts, and that BB Island had not produced a plan for an effective reorganization. On that basis, the court granted EBSB relief from the stay. BB Island appealed, challenging both statutory findings.

BB Island first argues that the bankruptcy judge improperly ignored that it has asserted defenses and counterclaims against EBSB, citing Grella. BB Island misreads both Grella and the bankruptcy judge's orders. The First Circuit was clear in Grella:

> As a matter of law, the only issue properly and necessarily before a bankruptcy court during relief from stay proceedings is whether the movant creditor has a colorable claim; thus, a decision to lift the stay is not an adjudication of the validity or avoidability of the claim, but only a determination that the creditor's claim is sufficiently plausible to allow its prosecution elsewhere.

42 F.3d at 34. If BB Island has viable claims against EBSB, those claims remain to be prosecuted. It has asserted at least some of them in an action in the Massachusetts Superior Court. It is noteworthy, however, that a Superior Court judge rejected BB Island's request for a preliminary injunction on the ground that it had not demonstrated a reasonable likelihood of success on those claims. In any event, the bankruptcy judge was explicit in her November 24 Order that she did consider the fact of BB Island's counterclaims. Nonetheless, her reasoned judgment that EBSB has colorable and plausible claims to the mortgaged properties—notwithstanding BB Island's asserted defenses and counterclaims—was not an abuse of her discretion. Cf. United States v. Fleet Bank of Mass. (In re Calore Express Co.), 288 F.3d 22, 35–36 (1st Cir. 2002) (reversing a denial of relief from stay that was based on debtor's defenses to creditor's claims).

Second, BB Island argues that at this early stage in the bankruptcy proceedings, it produced a sufficient plan for reorganization and the bankruptcy court was in error to find otherwise. BB Island does not claim that the bankruptcy judge applied the wrong principles of law, but rather disagrees with how she weighed BB Island's filings against the standard that a debtor must show "that the property is essential for an effective reorganization *that is in prospect*." See United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd., 484 U.S. 365, 375–76 (1988) (emphasis in original). BB Island's reorganization plan, such as it is, is scant. It comprises a single verified paragraph and a noncommittal letter from what appears to be a capital funds company discussing a "possible" refinance. (Mot. of Debtor to Add Ex. To Doc. No. 60, at 4 (dkt. no. 26).) The bankruptcy judge's conclusion that these filings did not adequately present a plan in prospect was

a judgment call. BB Island has not shown how in coming to that judgment, the bankruptcy judge made "a clear error." <u>Mercado</u>, 523 B.R. at 761 (quoting <u>Bacardí Int'l</u>, 719 F.3d at 9).

The orders of the bankruptcy court are AFFIRMED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.<br>United States District Judge